IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

TIMOTHY DAVID PARR,
JOHN MICHAELS,
    Plaintiffs,

v.

FRANK COLANTONIO, *et al.*,
    Defendants.

:
:
:
:
:
:
:
:

CIVIL ACTION NO. 19-CV-1930

## MEMORANDUM

**GOLDBERG, J.**                                                                                                                                          June 20th, 2019

*Pro se* Plaintiffs Timothy David Parr and John Michaels have filed this civil action alleging claims against Frank Colantonio, identified in the Complaint as "the elected Constable for the Willow Grove Pennsylvania Magisterial District Court," and Gail and Ernie Gustafson. The Complaint raises claims for civil rights violations under 42 U.S.C. § 1983. Plaintiff Parr also seek leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Plaintiff Parr's motion for leave to proceed *in forma pauperis*, dismiss the claims against Gail and Ernie Gustafson with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim, and dismiss the claims against Colantonio with leave to pursue them in state court. As Plaintiff Michaels failed to comply with the Court's Order entered on May 8, 2019 (ECF No. 4) directing him to (1) pay the filing fee or (2) file a motion for leave to proceed *in forma pauperis* within thirty days, and advising him that the failure to do so would result in the dismissal of his claims without further notice for failure to prosecute, Michaels's claims will be dismissed without prejudice.

**I.**    **FACTS**

Parr alleges that he and Michaels are the owners of six storage trailers containing 300 tons of architectural and artisanal material located on the grounds of 3575 Davisville Road, Hatboro,

Pennsylvania. The property is owned by Gail Gustafson, who brought a landlord-tenant action in Montgomery County seeking back rent and the eviction of Parr and R & G General Contractors from the property. A review of public records indicates that the action was filed on November 20, 2018, and a net judgment for Gustafson was entered by the Magisterial District Judge on November 30, 2018 in the amount of $11,137.95. *See Gustafson v. Parr*, No. MJ-38208-LT-152-2018. The state court docket also reflects that an Order for Possession was issued on January 4, 2019, and successfully served on January 8, 2019. *Id.* Public records show that Parr appealed the judgment to the Montgomery County Court of Common Pleas. *See Gustafson v. Parr*, No. 2018-28338 (Mont. Cty. CCP). Thereafter, Parr attempted to remove the Common Pleas case to this Court. *See Gustafson v. Parr*, Civ. A. No. 19-1760 (E.D. Pa.). By Order entered on April 6, 2019, the Court *sua sponte* remanded the case back to the Montgomery County Court of Common Pleas for want of subject matter jurisdiction. *Id.* at ECF No. 4. Parr then filed the current Complaint on May 2, 2019.

Parr alleges that Constable Colantonio, at the direction of the Gustafsons, decided to effectuate the Order of Possession by blocking their six storage trailers with several of the Gustafsons' own equipment trailers. (Compl. ¶¶ 7-8.) Colantonio also attached placards to the Plaintiffs' trailers reading "Constables No Trespassing Under Penalty of Felony Intrusions by Order of the District Court." (*Id.* ¶ 9.[1]) They allege that the Magisterial District Court did not

---

[1] In a different Paragraph of their Complaint, Parr also allege the placards read:

> "NO TRESPASSING BY ORDER OF THE DISTRICT COURT. VIOLATORS WILL BE PROSECUTED UNDER THE PA CRIMES CODE FOR 2ND DEGREE 'CRIMINAL TRESPASS' AS 'BREAKING AND ENTERING.' SIGNED FRANK COLANTONIO, UPPER MORELAND TOWNSHIP CONSTABLE' (DATE)"

(Compl. ¶ 11.)

enter an order respecting trespass or their trailers, but rather ordered an eviction of the "mailing address" of 3575 Davisville Road. (*Id.* ¶ 12.) They claim that the Gustafsons' and Colantonio's actions unlawfully converted their property under color of state law. (*Id.* ¶ 14.)

Parr also alleges that during a visit to the property in March 2019, he and Michaels parked their vehicle in an adjacent neighborhood at a business with open parking. (*Id.* ¶ 15.) They returned to find that their vehicle was blocked by another vehicle, at which time Ernie Gustafson appeared and attempted to block their exit from the parking lot. Although he demanded that they remain and said that he had called the police, they left the parking lot. (*Id.* ¶ 16.) Parr and Michaels assert that

> [t]hese people [presumably Gail and Ernie Gustafson] are accessory to an unconstitutional pretension as informed by the 'local constable', who plainly gave the wrong impression and *deputized* ol' Ernie for the same illegal purposes.

(*Id.* ¶ 17 (emphasis in original).) They also assert that the Order of Possession "lies only against an open lot *address*. It is not a 'stay away order' and nothing bars our access to the open lot itself."

(*Id.* ¶ 19 (emphasis in original).) Finally, they contend that

> [t]hese people [again, presumably Gail and Ernie Gustafson] are in collusion and combination with "Frank Colantonio", an **elected and oath bound government official**, the local "Constable" charged with enforcing minor court actions, not inventing his own "No Trespassing" signs [], threatening impossibly unconstitutional "felony breaking and entering, occupied structures" charges, besides outrageously misusing his "official" position under "color of state law."

(*Id.* ¶ 22 (emphasis in original).)

## II. STANDARD OF REVIEW

Because Parr appears to be unable to pay the filing fee for this matter, the Court grants him leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, requiring the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a

claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Parr is proceeding *pro se*, the Court construes him allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

### III. DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Whether a defendant is acting under color of state law — i.e., whether the defendant is a state actor — depends on whether there is "such a close nexus between the State and the challenged action' that seemingly private behavior may be fairly treated as that of the State itself." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted).

> To answer that question, [the United States Court of Appeals for the Third Circuit has] outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists: (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity.

*Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotations and alteration omitted).

Setting aside the legal conclusions in the Complaint, there is no plausible allegation that Gail Gustafson is a state actor. Filing landlord-tenant complaints and taking actions to evict

occupants of a property do not convert private individuals into "state actors." *See Apao v. Bank of New York*, 324 F.3d 1091, 1095 (9th Cir. 2003) (holding that bank using non-judicial foreclosure procedure provided by state law was not state actor for purposes of Section 1983); *Harper v. Fed. Land Bank of Spokane*, 878 F.2d 1172, 1178 (9th Cir. 1989) ("[T]he fact that a state permits the use of foreclosure procedures and subsequent sheriff sales as the execution of a judgment is not sufficient to constitute state action"); *Banks v. Bank of Commerce*, 145 F.3d 1336 (9th Cir. 1998) (affirming dismissal of a lawsuit claiming that bank was a state actor when it foreclosed on a property). Accordingly, the Complaint will be dismissed with prejudice as to Defendant Gail Gustafson.

The claim against Ernie Gustafson is also not plausible. He is alleged to have blocked Parr's vehicle with his own vehicle in the parking lot of a business and called the police to report Parr's and Michael's trespassing on the Gustafson property. Ignoring the legal conclusions that Ernie was thereby "deputized," and acted as "an accessory to an unconstitutional pretension," calling the police to report a trespasser and attempting to perform a citizen's arrest does not convert a private individual into a state actor. *See, e.g., Bass v. Parkwood Hosp.*, 180 F.3d 234, 243 (5th Cir. 1999) ("As in the case of a citizen's arrest or a warehouseman's sale, the statutory authorization of private acts does not transform such conduct into state action: 'The statutes authorizing or constraining these private activities may or may not be constitutional [citation]; the activities themselves remain private [citations].'"); *Spencer v. Lee*, 864 F.2d 1376, 1379 (7th Cir. 1989) (en banc) ("the analogy that Spencer seeks to draw to arrest is inapt, since a citizen's arrest is not subject to challenge under section 1983" because there is no action under color of state law); *Carey v. Cont'l Airlines, Inc.*, 823 F.2d 1402, 1404 (10th Cir. 1987) ("If Gilbert himself made a 'citizen's arrest' of Carey, as Carey asserts, this does not make Gilbert a state actor. Gilbert's

complaining about Carey's presence to a Tulsa police officer who, acting within the scope of his statutory duties, arrested Carey after questioning him, does not, without more, constitute state action for which Gilbert can be held responsible.") (internal citations omitted).

The allegations against Colantonio — that he improperly effectuated the state court Order of Possession — are subject to *Younger* abstention and also cannot proceed. Under the abstention doctrine of *Younger v. Harris*, 401 U.S. 37 (1971), the Court must abstain from adjudicating Parr's claim related to the constitutionality of Colantonio's actions with regard to the trailers. As noted, there is an ongoing action in the Montgomery Court of Common Pleas, encompassing both Parr's and Michael's appeal of the judgment entered in Gustafson's landlord/tenant complaint, and their New Matters — filed on April 10, 2019 prior to the initiation of suit in this Court — that include third-party claims against Colantonio for "conspiracy to deprive civil rights" and "official oppression." (ECF No. 2 at 44, 70–72.)

Generally, federal courts must adjudicate all cases and controversies that are properly before them. *New Orleans Pub. Serv., Inc. v. City of New Orleans*, 491 U.S. 350, 358 (1989). Abstention, however, "is the judicially created doctrine under which a federal court will decline to exercise its jurisdiction so that a state court or state agency will have the opportunity to decide the matters at issue." *Heritage Farms, Inc. v. Solebury Twp.*, 671 F.2d 743, 746 (3d Cir. 1982). Absent extraordinary circumstances, *Younger* abstention applies when: "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal claims." *Lazaridis v. Wehmer*, 591 F.3d 666, 671 (3d Cir. 2010) (quoting *Addiction Specialists, Inc. v. Twp. of Hampton*, 411 F.3d 399, 408 (3d Cir. 2005)). *Younger* abstention is "premised on the notion of

comity, a principle of deference and 'proper respect' for state governmental functions in our federal system." *Evans v. C.C.P., Delaware Cty, Pa.*, 959 F.2d 1227, 1234 (3d Cir. 1992).

There is no question that Parr's New Matters are ongoing in state court and that Pennsylvania has an important interest in enforcing its landlord/tenant and trespassing laws. Furthermore, Parr can and did raise his constitutional and other third-party claims against Colantonio and his defenses to the Gustafson claim in state court. Nor are there any extraordinary circumstances that would otherwise justify federal intervention here. Finally, federal courts routinely apply the *Younger* doctrine to cases seeking to enjoin state court eviction proceedings. *See Morgan v. Scott*, 83 F. Supp. 3d 616, 623 (D. Del. 2015) (collecting cases).

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Parr's claims against Gail Gustafson and Ernie Gustafson for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The dismissal of Parr's claims will be with prejudice since the Gustafsons are not state actors subject to § 1983 liability. The Court will abstain from consideration of the claim against Defendant Colantonio, which is dismissed without prejudice to Parr pursuing the claim in the pending state court action. Michael's claims will be dismissed for failure to prosecute. An appropriate Order follows.